CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 17 2007
JOHN F. CORCORAN, CLERK
BY: H McDonald
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MAYNARD ORVILLE OVERTON,<br>Petitioner, | Civil Action No. 7:07cv00176 |
| v. | MEMORANDUM OPINION |
| GENE M. JOHNSON, Director of<br>Virginia Department of Corrections,<br>Respondent. | By: Hon. Jackson L. Kiser<br>Senior U.S. District Judge |

Petitioner Maynard Orville Overton, a Virginia inmate proceeding pro se, has filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Overton challenges the validity of his convictions and subsequent sentence in the Circuit Court of Wythe County. The petition is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## BACKGROUND/FACTS

On November 7, 2001, Overton was convicted in the Circuit Court of Wythe County of two counts of statutory burglary, and was subsequently sentenced to a total term of imprisonment of twenty years. Eighteen years of the sentence were suspended, but Overton was to be placed on supervised probation for a term of five years after his release from incarceration. Overton did not pursue a direct appeal of his convictions. After he was released from incarceration, Overton violated the terms of his probation and the Circuit Court of Wythe County subsequently conducted a revocation hearing on January 19, 2005. The court revoked the remaining eighteen years of Overton's previously suspended sentence and, on February 1, 2005, amended the sentencing order to place Overton in a drug rehabilitation program within the Virginia Department of Corrections. Overton did not appeal the revocation decision.

On March 29, 2006, Overton filed a petition for writ of habeas corpus in the Circuit Court of Wythe County. The petition raised the following claims:

(A) The sentencing judge was biased against Overton;

(B) The Commonwealth's Attorney did not live up to the terms of the plea agreement;

(C) Overton's counsel was ineffective in failing to ensure that the Commonwealth honored the provisions of the plea agreement.

On August 9, 2006, the court dismissed the petition. As to claims (A) and (B), the court held that, in the event that Overton was challenging his original conviction, the claims were time-barred; the court alternatively held that, in the event that Overton was challenging the revocation judgment, the claims were procedurally barred pursuant to Virginia's appellate default rule of <u>Slayton v. Parrigan</u>, 205 S.E.2d 680 (1974). As to claim(C), the court held that Overton failed to demonstrate both the "performance" or "prejudice" prongs of the two-part test from <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Overton next filed an appeal in the Court of Appeals of Virginia which, because the court lacks appellate jurisdiction in habeas corpus cases, transferred the matter to the Supreme Court of Virginia pursuant to VA. CODE ANN. § 8.01-677.1 (2005). On March 1, 2007, the Supreme Court of Virginia dismissed the petition, on the ground that "the appeal was not perfected in the manner provided by law because the petition for appeal does not contain sufficient assignments of error that comply with the requirements of Rule 5:17(c)."[1]

Overton filed the instant petition on April 6, 2007, raising the same three claims that he

---

[1] Virginia Rule of the Supreme Court 5:17(c) states, in pertinent part, "[u]nder a separate heading entitled "Assignments of Error," the petition shall list the specific errors in the rulings below upon which the appellant intends to rely. Only errors assigned in the petition for appeal will be noticed by this Court. . . . An assignment of error which merely states that the judgment or award is contrary to the law and the evidence is not sufficient. If the petition for appeal does not contain assignments of error, the appeal will be dismissed."

2

raised in his state habeas petition. Respondent moved to dismiss on June 11, 2007, arguing primarily that Overton's claims are time-barred by the statute of limitations. Alternatively, respondent argues that Overton's claims are fraught with multiple procedural defaults. Overton responded on June 18, 2007, in which he clarified that his claims are only attacking the validity of his original convictions and sentence, and not the revocation judgment. Therefore, the petition is ripe for review.

## ANALYSIS

Overton's claims are barred by the statute of limitations. Pursuant to 28 U.S.C. § 2244(d), a state prisoner must file his federal petition for a writ of habeas corpus within one year of the date upon which the judgment became final, subject to tolling for the period when a properly filed state collateral review proceeding was pending. See Allen v. Mitchell, 276 F.3d 183, 185 (4th Cir. 2001). Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon the expiration of the time for seeking direct review. Overton was sentenced on January 7, 2002, and his time for seeking direct review expired 30 days later. Therefore, on February 6, 2002, Overton's convictions became final and he had one year from that date to challenge his convictions in a federal habeas petition. Overton did not meet this February 6, 2003 deadline; in fact, by that date Overton had yet to file his state petition in the Circuit Court of Wythe County.[2] Accordingly, Overton's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[3] Overton has

---

[2] Overton's one-year clock had already run by the time he filed his state habeas petition on March 29, 2006; therefore, the state petition afforded Overton no tolling under § 2244(d)(2).

[3] Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d.238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 541 U.S. 905 (2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998).

3

made no such demonstration; in fact, Overton fails to make any allegations or contentions to suggest that grounds for equitable tolling exist. Overton has not presented any extraordinary circumstances beyond his control that prevented him from filing on time. Accordingly, I find that Overton has not demonstrated grounds sufficient for this court to apply equitable tolling. Therefore, his claims are barred by the statute of limitations and must be dismissed.[4]

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss.

The Clerk is directed to send a copy of this Memorandum and Opinion and the accompanying Order to the petitioner.

ENTER: This 17th day of July, 2007.

/s/ Jackson J. Kiser
Senior U.S. District Judge

---

[4] Moreover, even assuming arguendo that Overton intended his claims to attack the revocation of his previously suspended sentence, claims (A) and (B) are procedurally defaulted under Virginia's appellate default rule of Slayton because Overton failed to raise them on direct appeal of the revocation judgment. Furthermore, claim (C) is procedurally defaulted, as it was dismissed by the Supreme Court of Virginia for failure to comply with a state procedural rule. Where the state court has expressly dismissed claims based on an adequate and independent state ground, such as procedural default, that finding is not subject to review in a federal habeas petition unless the prisoner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 749 (1991); see also Fisher v Angelone, 163 F.3d 835, 844 (4th Cir. 1998). As Overton makes no showing excusing his default, I find that he has not demonstrated cause. Further, I find that Overton does not allege and has not demonstrated that failure to consider his claims will result in a fundamental miscarriage of justice. Accordingly, Overton's claims must be dismissed.